IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DAVID HUGH NICHOLS,             )
                                )
            Plaintiff,          )
                                )
v.                              )       No.  11-1101-WEB
                                )
MICHAEL J. ASTRUE,              )
Commissioner of Social Security )
Administration,                 )
                                )
            Defendant.          )
                                )

**Memorandum and Order**

This matter is before the court on plaintiff's Motion For Extension of Time for Service (Doc. 3).  The motion sets forth the reasons why plaintiff's counsel failed to serve the complaint and summons within the 120 days permitted by Fed.R.Civ.P. 4(m) and asks for an extension of time to accomplish service.

The "good cause" provision of Rule 4(m), which provides that the court must extend the time for service if good cause is shown, is read narrowly "to protect only those plaintiffs who have been meticulous in their efforts to comply with the Rule." *See Lord v. City Of Leavenworth* Slip Copy, 2009 WL 129367 (D.Kan., 2009) (*citing Despain v. Salt Lake Area Metro Gang Unit*, 13 F.3d 1436, 1438 (10th Cir.1994) and *In re Kirkland*, 86 F.3d 172, 174 (10th Cir. 1996)).  It requires something more than a showing of "excusable neglect;" simple inadvertence or ignorance of the rules does not suffice.  *Kirkland*, 86 F.3d at 174-75.  Under this standard, plaintiff counsel's misunderstanding of the procedure for service does not amount to good cause.

If good cause is not shown, the district court must still consider whether a permissive extension of time is warranted or whether the case should be dismissed without prejudice. *See*

*Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995). Relevant factors to consider include: (1) the impact of the statute of limitations on the case being refiled; (2) whether the plaintiff is acting pro se; and (3) whether plaintiff has attempted, and failed, to effect service. *Espinoza*, 52 F.3d at 842; Fed.R.Civ.P. 4(m) advisory committee's note.

A dismissal at this stage could have the effect of barring plaintiff's claim given the time constraints applicable to review of agency actions. This factors weighs in favor of an extension of time for service rather than dismissal. Additionally, the court notes the likely absence of prejudice to the defendant from an extension of time. Finally, although plaintiff is represented by counsel, the court recognizes that the rules pertaining to service of government agencies makes service somewhat more complex than a routine case.

Accordingly, plaintiff's Motion for Extension of Time (Doc. 3) is GRANTED. Pursuant to Fed.R.Civ.P. 4(m), Plaintiff is granted an extension until October 6, 2011, to accomplish service. IT IS SO ORDERED this __6th__ Day of September, 2011, at Wichita, Ks.

>s/Wesley E. Brown
>Wesley E. Brown
>U.S. Senior District Judge