IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DAVID HUGH NICHOLS,

           Plaintiff,

vs.                                        Case No. 11-1101-SAC

MICHAEL J. ASTRUE,
Commissioner of
Social Security,

           Defendant.

MEMORANDUM AND ORDER

    This is an action reviewing the final decision of the Commissioner of Social Security denying the plaintiff disability insurance benefits.  The matter has been fully briefed by the parties.

## I. General legal standards

    The court's standard of review is set forth in 42 U.S.C. § 405(g), which provides that "the findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive."  The court should review the Commissioner's decision to determine only whether the decision was supported by substantial evidence and whether the Commissioner applied the correct legal standards.  <u>Glenn v. Shalala</u>, 21 F.3d 983, 984 (10th Cir. 1994).  Substantial evidence requires more than a scintilla, but less than a preponderance, and is satisfied by such evidence that a reasonable mind might accept to support the

conclusion. The determination of whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it really constitutes mere conclusion. Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989). Although the court is not to reweigh the evidence, the findings of the Commissioner will not be mechanically accepted. Nor will the findings be affirmed by isolating facts and labeling them substantial evidence, as the court must scrutinize the entire record in determining whether the Commissioner's conclusions are rational. Graham v. Sullivan, 794 F. Supp. 1045, 1047 (D. Kan. 1992). The court should examine the record as a whole, including whatever in the record fairly detracts from the weight of the Commissioner's decision and, on that basis, determine if the substantiality of the evidence test has been met. Glenn, 21 F.3d at 984.

    The Social Security Act provides that an individual shall be determined to be under a disability only if the claimant can establish that they have a physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity (SGA). The claimant's physical or mental impairment or impairments must be of such severity that they are not only unable to perform their previous work but cannot, considering their age, education, and work experience, engage in

conclusion. The determination of whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it really constitutes mere conclusion. Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989). Although the court is not to reweigh the evidence, the findings of the Commissioner will not be mechanically accepted. Nor will the findings be affirmed by isolating facts and labeling them substantial evidence, as the court must scrutinize the entire record in determining whether the Commissioner's conclusions are rational. Graham v. Sullivan, 794 F. Supp. 1045, 1047 (D. Kan. 1992). The court should examine the record as a whole, including whatever in the record fairly detracts from the weight of the Commissioner's decision and, on that basis, determine if the substantiality of the evidence test has been met. Glenn, 21 F.3d at 984.

    The Social Security Act provides that an individual shall be determined to be under a disability only if the claimant can establish that they have a physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity (SGA). The claimant's physical or mental impairment or impairments must be of such severity that they are not only unable to perform their previous work but cannot, considering their age, education, and work experience, engage in

any other kind of substantial gainful work which exists in the national economy.  42 U.S.C. § 423(d).

The Commissioner has established a five-step sequential evaluation process to determine disability.  If at any step a finding of disability or non-disability can be made, the Commissioner will not review the claim further.  At step one, the agency will find non-disability unless the claimant can show that he or she is not working at a "substantial gainful activity."  At step two, the agency will find non-disability unless the claimant shows that he or she has a "severe impairment," which is defined as any "impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities."  At step three, the agency determines whether the impairment which enabled the claimant to survive step two is on the list of impairments presumed severe enough to render one disabled.  If the claimant's impairment does not meet or equal a listed impairment, the inquiry proceeds to step four, at which the agency assesses whether the claimant can do his or her previous work; unless the claimant shows that he or she cannot perform their previous work, they are determined not to be disabled.  If the claimant survives step four, the fifth and final step requires the agency to consider vocational factors (the claimant's age, education, and past work experience) and to determine whether the claimant is capable of performing other

jobs existing in significant numbers in the national economy. Barnhart v. Thomas, 124 S. Ct. 376, 379-380 (2003).

The claimant bears the burden of proof through step four of the analysis. Nielson v. Sullivan, 992 F.2d 1118, 1120 (10th Cir. 1993). At step five, the burden shifts to the Commissioner to show that the claimant can perform other work that exists in the national economy. Nielson, 992 F.2d at 1120; Thompson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993). The Commissioner meets this burden if the decision is supported by substantial evidence. Thompson, 987 F.2d at 1487.

Before going from step three to step four, the agency will assess the claimant's residual functional capacity (RFC). This RFC assessment is used to evaluate the claim at both step four and step five. 20 C.F.R. §§ 404.1520(a)(4), 404.1520(e,f,g); 416.920(a)(4), 416.920(e,f,g).

## II. History of case

On November 20, 2009, administrative law judge (ALJ) Michael A. Lehr issued his decision (R. at 22-31). Plaintiff alleges that he has been disabled since January 25, 2007.[1] Plaintiff is insured for disability insurance benefits through March 31, 2009 (R. at 24). At step one, the ALJ found that plaintiff has not engaged in substantial gainful activity since plaintiff's alleged

---

[1] The ALJ decision states that the alleged onset date is September 13, 2002 (R. at 22). However, the transcript of the hearing indicates that plaintiff amended his onset date to January 25, 2007 (R. at 61). This is the onset date asserted by plaintiff in his brief (Doc. 12 at 6).

4

onset date (R. at 24). At step two, the ALJ found that plaintiff had the following severe impairments: bipolar disorder, polysubstance abuse in remission and diabetes (R. at 24). At step three, the ALJ determined that plaintiff's impairments do not meet or equal a listed impairment (R. at 24). After determining plaintiff's RFC (R. at 26), the ALJ determined at step four that plaintiff has no past relevant work (R. at 30). At step five, the ALJ determined that other jobs exist in significant numbers in the national economy that plaintiff could perform (R. at 30-31). Therefore, the ALJ concluded that plaintiff was not disabled (R. at 31).

**III. Did the ALJ err in his evaluation of plaintiff's mental impairments?**

In evaluating mental impairments, the ALJ is required to make findings in four broad areas: (1) activities of daily living; (2) social functioning; (3) concentration, persistence, or pace; and (4) episodes of decompensation. 20 C.F.R. § 404.1520a(c)(3). The ALJ decision must include a specific finding as to the degree of limitation in each of the functional areas. 20 C.F.R. § 404.1520a(e)(4). These findings are relevant to a determination of whether plaintiff's impairments constitute a severe impairment at step two, 20 C.F.R. 404.1520a(d), and whether or not plaintiff's impairments meet or equal a listed impairment, e.g., 20 C.F.R. Pt. 404, Subpt. P, App. 1 (listed

impairment 12.04B).

In his decision, the ALJ found that plaintiff had mild restrictions in activities of daily living, moderate difficulties with social functioning, moderate difficulties with concentration, persistence or pace, and no episodes of decompensation (R. at 25).  Plaintiff argues that the ALJ erred by failing to characterize plaintiff as having marked limitations in social functioning and marked limitations in concentration, persistence or pace (Doc. 12 at 13).

Plaintiff specifically contends that the ALJ erred by not giving greater weight to the opinions contained in the consultative examination by Dr. Schwartz performed on July 24, 2008 (R. at 471-472).  In his report, Dr. Schwartz stated the following:

> VI. Potential of Competitive Employment
>
> I believe this claimant can remember work location and procedures and understand and follow simple directions.  Based upon the claimant's self-report, it would appear he could not be reliable on the job because of his episodes of depression.

(R. at 472).  Dr. Schwartz assigned plaintiff a GAF score of 45.[2]

---

[2]GAF (global assessment of functioning) scores can be found in the Diagnostic and Statistical Manual of Mental Disorders. The scores in this case represent the following:

> 51-60: **Moderate symptoms** (e.g., flat affect and circumstantial speech, occasional panic attacks) **OR moderate difficulty in social, occupational or school functioning** (e.g., few

The ALJ considered the opinions of Dr. Schwartz (R. at 28, 29), but gave little weight to his opinions because they were based on plaintiff's subjective complaints (R. at 29).  In fact, Dr. Schwartz stated in his report that: "Based upon the claimant's self-report, it would appear he could not be reliable on the job because of his episodes of depression" (R. at 472).  Unlike the case in Langley v. Barnhart, 373 F.3d 1116, 1121 (10th Cir. 2004), in which the court found that the ALJ had no evidentiary basis for concluding that the doctor's opinions were based only on claimant's subjective complaints, in the case before the court, Dr. Schwartz expressly stated in his report that his finding that plaintiff would not be reliable on the job was based on plaintiff's self-report.  The ALJ, in his decision, found that plaintiff's allegations were not fully credible (R. at 28-29).  Thus, the ALJ had a sufficient evidentiary basis to discount the opinions of Dr. Schwartz regarding plaintiff's

---

> friends, conflicts with peers or co-workers).
>
> 41-50: **Serious symptoms** (e.g., suicidal ideation, severe obsessional rituals, frequent shoplifting), **OR any serious impairment in social, occupational, or school functioning** (e.g., no friends, unable to keep a job)...

Diagnostic and Statistical Manual of Mental Disorders (DSM-IV-TR) (4th ed., text revision, American Psychiatric Association 2000 at 34) (emphasis in original).

ability to work.  The court will not reweigh the evidence or substitute its judgment for that of the Commissioner.  <u>Hackett v. Barnhart</u>, 395 F.3d 1168, 1173 (10th Cir. 2005); <u>White v. Barnhart</u>, 287 F.3d 903, 905, 908, 909 (10th Cir. 2002).

Plaintiff also notes that Dr. Schwartz gave plaintiff a GAF of 45, which plaintiff asserts is incongruent with the ALJ's finding that plaintiff does not have marked limitations in social functioning and concentration, persistence, or pace (Doc. 12 at 15).  However, the ALJ noted that the treatment notes from the Department of Veterans Affairs (VA) showed a GAF of 58, indicating moderate symptoms with the ability to function (R. at 27, 29, 366).[3]  Unlike the assessment by Dr. Schwartz based on one meeting, the ALJ indicated that the VA treatment notes are based on a longitudinal history (R. at 29).

Standing alone, a low GAF score does not necessarily evidence an impairment seriously interfering with a claimant's ability to work.  A claimant's impairment might lie solely with the social, rather than the occupational sphere.  A GAF score of fifty or less, however, does suggest an inability to keep a job.  For this reason, such a GAF score should not be ignored.  <u>Lee v. Barnhart</u>, 117 Fed. Appx. 674, 678 (10th Cir. Dec. 8, 2004).  Because a GAF score may not relate to a claimant's ability to work, the score, standing alone, without further explanation,

---

[3] See footnote 2 for an explanation of a GAF of 58.

8

does not establish whether or not plaintiff's impairment severely interferes with an ability to perform basic work activities. See Eden v. Barnhart, 109 Fed. Appx. 311, 314 (10th Cir. Sept. 15, 2004). GAF scores are not considered absolute determinants of whether or not a claimant is disabled. Heinritz v. Barnhart, 191 Fed. Appx. 718, 722 (10th Cir. Aug. 10, 2006). Furthermore, plaintiff points to no evidence establishing that a GAF score of 45 demonstrates marked impairments in any of the four broad functional areas. In light of the evidence, the court finds no error by the ALJ in his consideration of the GAF scores from Dr. Schwartz and in the treatment records from the VA.

Furthermore, there is medical evidence in the record that supports the finding of the ALJ that plaintiff only has moderate limitations in social functioning, and moderate limitations in concentration, persistence, or pace. On March 21, 2008, Dr. Witt prepared a psychiatric review technique form, in which he opined that plaintiff had only mild difficulties in maintaining social functioning, and moderate limitations in maintaining concentration, persistence, or pace (R. at 416, 426, 428). On August 4, 2008, Dr. Adams filled out the same form, in which he opined that plaintiff had moderate limitations in social functioning, and moderate limitations in concentration, persistence, or pace (R. at 478, 488). Furthermore, Dr. Adams reviewed the assessment by Dr. Schwartz, including his opinion

that plaintiff would have difficulty working, and concluded:

> This opinion is given only moderate weight due to the inconsistencies between the claimant's reports and the third party reports of better functioning.

(R. at 490).

The court will not reweigh the evidence or substitute its judgment for that of the Commissioner. Hackett v. Barnhart, 395 F.3d 1168, 1173 (10th Cir. 2005); White v. Barnhart, 287 F.3d 903, 905, 908, 909 (10th Cir. 2002). Although the court will not reweigh the evidence, the conclusions reached by the ALJ must be reasonable and consistent with the evidence. See Glenn v. Shalala, 21 F.3d 983, 988 (10th Cir. 1994)(the court must affirm if, considering the evidence as a whole, there is sufficient evidence which a reasonable mind might accept as adequate to support a conclusion). The court finds that substantial competent evidence supports the ALJ's findings in the four functional areas regarding the severity of plaintiff's mental impairments. The ALJ's findings are supported by the opinions of Dr. Witt and Dr. Adams. The ALJ could properly discount the opinions of Dr. Schwartz which by his own admission were based on plaintiff's self-report, and the ALJ could reasonably give greater weight to the GAF scores in plaintiff's medical treatment records from the VA based on the history of treatment.

Plaintiff also appears to argue that the ALJ should have given greater weight to the opinion of the VA that found

10

plaintiff 100% disabled because of dysthymia with mood and bipolar disorders (Doc. 12 at 16; R. at 317-324, 777-781).  The ALJ mentioned the disability determination by the VA, but noted that such a decision is not binding on the ALJ.  The ALJ stated that the rules for eligibility are different for different agencies (R. at 26-27).  The ALJ nonetheless considered the decision of the VA, and discussed in detail the medical records from the VA when making his decision (R. at 27, 29).  Although findings by other agencies are not binding on the Commissioner, they are entitled to weight and must be considered.  Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005); McFerran v. Astrue, 437 Fed. Appx. 634, 638 (10th Cir. Aug. 19, 2011).  As was the case in Hackett, 395 F.3d at 1172-1173, and McFerran, 437 Fed. Appx. at 638, plaintiff in the case before the court failed to point to any specific factual finding or evidence in the VA determination that should have changed the ALJ's decision.  The court finds no error by the ALJ in his consideration of the determination of disability by the VA.

   IT IS THEREFORE ORDERED that the judgment of the Commissioner is affirmed pursuant to the fourth sentence of 42 U.S.C. § 405(g).

   Dated this 15th day of August, 2012, Topeka, Kansas.

                              s/ Sam A. Crow
                              Sam A. Crow, U.S. District Senior Judge